UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CREDIT ACCEPTANCE CORPORATION,

Plaintiff,

v.

Case No. 26-cv-1271-bhl

CODY BOSTIC,

Defendant.

**ORDER REMANDING CASE**

On July 20, 2026, Defendant Cody Bostic filed a notice of removal from a lawsuit filed against him by Plaintiff Credit Acceptance Corporation in Racine County Circuit Court. (ECF No. 1.) Bostic maintains that the case involves only state law claims but asserts that removal is proper because he intends to counterclaim with various federal claims. (*Id.* at 1–2.) To date, however, no answer or counterclaims have been filed.

The Court will remand the case to Racine County Circuit Court.[1] As an initial matter, Bostic's notice of removal is procedurally improper because he failed to include a copy of all process, pleadings, and orders served upon him, as required by the statute. (*See id.*); *see also* 28 U.S.C. §1446(a). Beyond this misstep, however, the removal is improper because the Court lacks jurisdiction to adjudicate the matter. Defendant's anticipated counterclaim is not a valid basis for removal.

A state court defendant can remove a civil action to federal court if the district court has original jurisdiction over the action. 28 U.S.C. §1441(a). When jurisdiction is lacking, the district court must remand the case to state court. 28 U.S.C. §1447(c). As the proponent of federal jurisdiction, a removing defendant bears the burden of establishing jurisdiction. *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). When determining whether the Court has jurisdiction over a civil action, the Court considers whether the action could have been brought

[1] Bostic also filed a motion to proceed without prepayment of the filing fee. (ECF No. 3.) Given the remand, the Court will deny this motion as moot.

originally in federal court. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441–42 (2019). Accordingly, a counterclaim cannot serve as a basis for removal. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U. S. 826, 831 (2002). The Court will remand the case, because Bostic's purported reason for removal (proposed federal counterclaims) is not a basis to establish the Court's jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the case is remanded to Racine County Circuit Court for further proceedings.

**IT IS FURTHER ORDERED** that Bostic's motion for leave to proceed without prepayment of the filing fee, ECF No. 3, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on August 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge